UNITED STATES of America,
Plaintiff–Appellee,

v.

Florencio JIMENEZ–ESTEBAN,
Defendant–Appellant.

No. 05–41749.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 28, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM: *

Florencio Jimenez–Esteban (Jimenez) appeals from his guilty plea conviction and

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

sentence for illegal reentry following deportation in violation of 8 U.S.C. § 1326. Jimenez argues that the district court misapplied the Sentencing Guidelines by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Jimenez's argument is unavailing in light of circuit precedent. *See United States v. Hinojosa–Lopez*, 130 F.3d 691, 693–94 (5th Cir. 1997). Jimenez also argues that this circuit's precedent is inconsistent with *Jerome v. United States*, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943). Having preceded *Hinojosa–Lopez*, *Jerome* is not "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." *See United States v. Short*, 181 F.3d 620, 624 (5th Cir.1999). Jimenez requests that this case be held pending a decision in *United States v. Toledo–Flores*, 149 Fed.Appx. 241 (5th Cir.2005), *cert. granted*, —— U.S. ——, 126 S.Ct. 1652, 164 L.Ed.2d 395 (2006). The grant of certiorari does not alter the authority of this court's decisions; thus, this court continues to follow its precedent even when the Supreme Court grants certiorari on an issue. *Wicker v. McCotter*, 798 F.2d 155, 157–58 (5th Cir.1986). Jimenez's argument is without merit.

Jimenez also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Jimenez contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Jimenez properly concedes that his argument is foreclosed by *Almendarez–Torres* and circuit precedent, but he raises it here solely to preserve it for further review.

Accordingly, the judgment of the district court is AFFIRMED.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.